UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

_____

| | |
|---|---|
| INDIAN HARBOR INSURANCE, | Hon. _____ |
| Plaintiff, | Case No. _____ |
| v | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| CLIFFORD ZUCKER, in his capacity as Liquidation Trustee for the Liquidation Trust of Capitol Bancorp Ltd., and Financial Commerce Corporation, | |
| and | |
| JOSEPH D. REID, CRISTIN K. REID, and BRIAN K. ENGLISH, | |
| Defendants. | |
| _____/ | |

Plaintiff Indian Harbor Insurance Company ("Indian Harbor") files this Complaint for Declaratory Judgment against Defendants Clifford Zucker, in his capacity as Liquidation Trustee (the "Liquidation Trustee") for the Liquidation Trust of Capitol Bancorp Ltd. and Financial Commerce Corporation, and Joseph D. Reid, Cristin K. Reid, and Brian K. English (collectively, "Defendants"), and in support thereof, states as follows:

### Introduction

1.    Indian Harbor seeks a declaratory judgment that two directors and officers ("D&O") liability insurance policies issued by it to Capitol Bancorp., Ltd. ("Capitol Bancorp") for successive policy periods do not provide coverage for a lawsuit filed by the Defendant Liquidation Trustee against three former officers for alleged breaches of fiduciary duty owed by them to Capitol Bancorp.

2. The defendants Mr. Reid, Ms. Reid and Mr. English, are or were officers of Capitol Bancorp. In 2012, Capitol Bancorp filed for bankruptcy protection and continued to operate its business as debtor-in-possession. In 2014, the Liquidating Plan filed by Capitol Bancorp in the bankruptcy proceedings created a Liquidation Trust to prosecute claims that were owned by Capitol Bancorp and its subsidiary, Financial Commerce Corporation. Pursuant to the Liquidating Plan, Capitol Bancorp transferred its right to sue its own officers to the Liquidation Trust. The Liquidation Trustee since has filed a lawsuit against Mr. Reid, Ms. Reid and Mr. English for alleged breaches of duty owed by them as officers to Capitol Bancorp. *See Zucker v. Reid, et al.*, Case No. 1:14-cv-850 (W.D. Mich.) (the "Liquidation Trust Action").

3. The officers then demanded coverage under the two Indian Harbor D&O policies. However, the policies do not provide coverage for the Liquidation Trust Action. In this regard, the Insured v. Insured Exclusion in the policies states that no coverage is provided for any Claim "by or on behalf of, or in the name or right of" Capitol Bancorp or any Insured Person. The lawsuit against the officers is a Claim "by or on behalf of, or in the name or right of" Capitol Bancorp because the Liquidation Trust obtained the right to sue the officers for alleged breaches of duty owed to Capitol Bancorp from Capitol Bancorp. As a result, coverage for the Liquidation Trust Action expressly is excluded under the policies. Indian Harbor seeks a declaratory judgment that it has no obligation under the Policies to pay either defense expenses or any indemnity amount associated with the Liquidation Trust Action.

## Parties

4. Indian Harbor is a Delaware corporation with its principal place of business in Hartford, Connecticut.

5. Upon information and belief, Clifford Zucker is the Liquidation Trustee for the Liquidation Trust of Capitol Bancorp and Financial Commerce Corporation. Pursuant to the confirmed Amended Joint Liquidating Plan filed on January 27, 2014 in their bankruptcy proceedings, Capitol Bancorp and Financial Commerce Corporation created the Liquidation Trust.

6. Upon information and belief, the Liquidation Trustee is a resident of New Jersey and his principal place of business is located in Edison, New Jersey.

7. Upon information and belief, Joseph D. Reid is a resident of Michigan. Mr. Reid was or is an officer of Capitol Bancorp.

8. Upon information and belief, Cristin K. Reid is a resident of Michigan. Ms. Reid was or is an officer of Capitol Bancorp.

9. Upon information and belief, Brian K. English is a resident of Michigan. Mr. English was or is an officer of Capitol Bancorp.

### Jurisdiction and Venue

10. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(i) in that there is diversity of citizenship between Indian Harbor, on the one hand, and all Defendants, on the other hand. The amount in controversy exceeds $75,000, exclusive of interest and costs.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

12. Jurisdiction is conferred upon this Court to declare the rights and responsibilities of the parties under the policies pursuant to 28 U.S.C. § 2201(a). There is an actual controversy between the parties concerning the availability of insurance coverage under the policies for the Liquidation Trust Action.

## Factual Allegations

13. Capitol Bancorp is or was a bank holding company that owned individual community banks in several states. Upon information and belief, Capitol Bancorp is or was the parent company of Financial Commerce Corporation.

14. In 2010, Indian Harbor issued to Capitol Bancorp its Management Liability and Company Reimbursement Insurance Policy No. ELU 118596-10 for the claims-made policy period September 9, 2010 to September 9, 2011 (the "2010-2011 Policy"). Indian Harbor had not previously issued a primary D&O liability insurance policy to Capitol Bancorp.

15. In 2011, Indian Harbor issued to Capitol Bancorp its Management Liability and Company Reimbursement Insurance Policy No. ELU 122778-11 for the claims-made policy period September 9, 2011 to September 9, 2012, later extended to September 9, 2014 (the "2011-2014 Policy").

16. On information and belief, on or about August 9, 2012, Capitol Bancorp and Financial Commerce Corporation (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' bankruptcy cases are jointly administrated under the caption, *In re Capitol Bancorp Ltd., et al.*, Case No. 12-58409 (Bankr. E.D. Mich.).

17. Upon information and belief, during the bankruptcy proceedings, the Debtors operated their businesses and managed their assets as debtors-in-possession.

18. On January 27, 2014, the Debtors filed in the bankruptcy proceedings an Amended Joint Liquidating Plan. By order dated January 29, 2014, the Bankruptcy Court granted final approval to the Plan, with certain provisions amended.

19. In Article V(D) of the Amended Joint Liquidating Plan, as amended by the Bankruptcy Court's January 29, 2014 Order, the Debtors agreed to establish the Liquidating Trust for the purpose of (among other things) pursuing claims that the Debtors' Estates had against the Debtors' own directors and officers.

20. Pursuant to Article V(D) in the Amended Joint Liquidating Plan, as amended by the Bankruptcy Court's January 29, 2014 Order, Capitol Bancorp agreed to transfer assets to the Liquidating Trust. Such assets included (among others) "all causes of action belonging to the Debtors, including causes of action against directors, officers and Insiders (as defined herein) of the Debtors."

21. Article XII(E) of the Amended Joint Liquidating Plan, as amended by the Bankruptcy Court's January 29, 2014 Order, states that the amounts the directors and officers shall be required to pay on account of causes of action transferred to Liquidating Trust and asserted against the Debtor's directors and officers would be "strictly limited" to amounts actually recovered from insurance. Article XII(E) further prohibits the directors and officers from settling or compromising their coverage claim under insurance policies without the "express written consent" of the Liquidation Trustee. As that provision states:

> The Debtors' respective present and former members, partners, equity-holders, officers, directors, employees, representatives, advisors, attorneys, agents and Professionals (collectively, the "Insiders") are not released from any Claims, obligations, rights suits, damages, losses, causes of action, remedies and liabilities and such Claims, obligations, rights, suits, damages, losses, causes of action, remedies and liabilities are hereby expressly preserved and will be contributed to the Liquidating Trust on the Effective Date, consistent with Article V.D. hereof; provided, however, that the amounts the Insiders shall be required to pay on account of Claims, obligations, rights, suits, damages, losses, causes of action, remedies and liabilities based on acts or omissions occurring prior to the Petition Date (with the sole exception of causes of action under chapter 5 of the Bankruptcy Code, which shall not be subject to the limitations imposed by this Article XII.E.) shall in all cases be strictly limited to any amounts which may be actually recovered from any applicable insurance providers pursuant to any

applicable insurance policies, including directors' and officers' liability insurance policies and proceeds thereof; provided, further, however, that the Insiders shall timely submit such notices as may be required under such insurance policies, shall take all reasonable actions necessary to pursue coverage under such policies including filing and diligently prosecuting any legal actions (in court or arbitration) necessary to contest any denials of coverage by the insurance companies issuing such policies, and shall not settle or otherwise compromise or waive any claims for coverage under such policies without the express written consent of the Liquidation Trustee. Except with respect to any proceeds of such insurance policies, including directors' and officers' liability insurance policies and proceeds thereof (and causes of action under chapter 5 of the Bankruptcy Code), (1) neither the Liquidation Trustee, nor any other person or entity, shall have any right to pursue collection against, or collect from, the property or other assets of the Insiders, or the Insiders' estates or heirs, for any Claims, obligations, rights, suits, damages, losses, causes of action, remedies or liabilities based on acts or omissions occurring prior to the Petition Date and (2) the Liquidation Trustee, and every person and entity acting by or through the Liquidation Trustee, is enjoined and directed not to take any action of any kind against the property or other assets of the Insiders or the Insiders' estates or heirs. Neither the Debtors nor the Insiders make any representation or warranty regarding the nature, extent, enforceability or collectability of any such insurance policies.

22. The Amended Joint Liquidating Plan attached as Exhibit A the Liquidation Trust Agreement and Declaration of Trust (the "Liquidation Trust Agreement"), to be entered into by Capitol Bancorp, Financial Commerce Corporation and the Liquidation Trustee after confirmation of the Amended Joint Liquidating Plan. By its terms, the Liquidation Trust Agreement appointed the Liquidation Trustee to have all the rights, powers and duties set forth in that agreement and in the Amended Joint Liquidating Plan.

23. Pursuant to Section 2.07 of the Liquidation Trust Agreement, the Debtors conveyed their "Assets" to the Liquidating Trust. Section 1.01 defines "Assets" to mean "all of the Debtors' right, title and interest in and to the assets of Debtor's Estates that are transferred to the Liquidating Trust in accordance with the Plan."

24. On August 8, 2014, the Liquidation Trustee filed a complaint against Joseph Reid, Cristin Reid and Brian English in the Liquidation Trust Action. The complaint purports to allege wrongdoing by Mr. Reid, Ms. Reid and Mr. English as officers of Capitol Bancorp. The

complaint alleges that as officers of Capitol Bancorp, those defendants owed fiduciary duties to Capitol Bancorp to act in good faith, with the care an ordinarily prudent person in a like position would exercise under similar circumstances, and in a manner that they reasonably believed to be in Capitol Bancorp's best interests. The complaint asserts five counts against those defendants for alleged breaches of their fiduciary duties to Capitol Bancorp.

25. Indian Harbor received notice of the Liquidation Trust Action under both the 2010-2011 Policy and the 2011-2014 Policy.

26. Subject to all of its terms and conditions, the 2010-2011 Policy only provides coverage for Claims that are "first made" during the Policy Period, which is September 9, 2010 to September 9, 2011.

27. The Liquidation Trust Action is not a Claim that was "first made" during the Policy Period of the 2010-2011 Policy because it was filed on August 8, 2014, almost three years after expiration of the Policy Period for that policy.

28. The 2010-2011 Policy and the 2011-2014 Policy both contain the same Insured v. Insured Exclusion. That exclusion states that Indian Harbor shall not be liable to make any payment for Loss in connection with any Claim made against an Insured Person:

> by, on behalf of, or in the name or right of, the Company or any Insured Person except and to the extent such Claim:
>
> (1) is brought derivatively by a security holder of the Company who, when such Claim is made and maintained is acting independently of, and without the active solicitation, assistance, participation or intervention of an Insured Person or the Company.
>
> (2) is in the form of a crossclaim, third party claim or other claim for contribution or indemnity by an Insured Person which is part of or results directly from a Claim which is not otherwise excluded by the terms of this Policy;
>
> (3) is an Employment Practices Claim.

*See* Policies Section III(G), as amended by Endorsement No. 4.

29. The 2010-2011 Policy and the 2011-2014 Policy both define "Company" to include (among others) Capitol Bancorp and its Subsidiaries.

30. The Liquidation Trust Action is a Claim being made "by, on behalf of, or in the name or right of" Capitol Bancorp. None of the exceptions to the exclusion apply. As a result, the Insured v. Insured Exclusion bars coverage for the Liquidation Trust Action under the 2010-2011 Policy and the 2011-2014 Policy.

## Count I – Declaratory Judgment

31. Indian Harbor realleges and incorporates by reference the allegations contained in Paragraphs 1 through 30 of this Complaint.

32. Capitol Bancorp transferred and conveyed all claims and causes of action against its own officers, including the defendants Joseph Reid, Cristin Reid and Brian English, to the Liquidating Trust.

33. In the Liquidation Trust Action, the Liquidation Trustee alleges that the defendants, Joseph Reid, Cristin Reid and Brian English, as officers of Capitol Bancorp, breached their fiduciary duties owed to Capitol Bancorp.

34. The Liquidation Trust Action is a Claim made by, on behalf of, or in the name or right of, Capitol Bancorp against Capitol Bancorp's own officers. None of the exceptions to the exclusion apply.

35. The Insured v. Insured Exclusion in the 2010-2011 Policy and the 2011-2014 Policy bars coverage for the Liquidation Trust Action in its entirety.

36. Indian Harbor is entitled to a judgment declaring that the 2010-2011 Policy and the 2011-2014 Policy do not provide coverage for any loss, including defense expenses, in connection with the Liquidation Trust Action.

## Count II – Declaratory Judgment

37. Indian Harbor realleges and incorporates by reference the allegations contained in Paragraphs 1 through 36 of this Complaint.

38. The Liquidation Trustee filed his complaint in the Liquidation Trust Action on August 8, 2014.

39. The Policy Period of the 2010-2011 Policy is September 9, 2010 to September 9, 2011.

40. The Policy Period of the 2010-2011 Policy expired before the Liquidation Trustee first made a Claim against defendants Joseph Reid, Cristin Reid and Brian English.

41. Coverage under the 2010-2011 Policy is limited to Claims that are "first made" during the Policy Period. The 2010-2011 Policy does not provide coverage for the Liquidation Trust Action because the lawsuit is a Claim that was "first made" after expiration of the Policy Period.

42. Indian Harbor is entitled to a judgment declaring that the 2010-2011 Policy does not provide coverage for any loss, including defense expenses, in connection with the Liquidation Trust Action.

## Count III – Declaratory Judgment

43. Indian Harbor realleges and incorporates by reference the allegations contained in Paragraphs 1 through 42 of this Complaint.

44. Other policy provisions contained in the 2010-2011 Policy and/or the 2011-2014 Policy may limit Indian Harbor's contractual obligations thereunder and/or exclude coverage in connection with the Liquidation Trust Action. Pending further factual development and discovery, Indian Harbor has reserved and continues to reserve all rights with respect to all other terms and conditions in the policies, including but not limited to:

(a) the Prior Acts Exclusion, which excludes coverage for Claims based upon, arising out of, or in any way involving acts, errors or omissions committed or allegedly committed before September 9, 2010 (2010-2011 Policy Endorsement No 8; 2011-2014 Policy Endorsement No. 8);

(b) the Prior and Pending Litigation Exclusion, which excludes coverage for Claims based upon, arising out of, or in any way involving any prior or pending litigation brought before September 9, 2010 (2010-2011 Policy Section III(D); 2011-2014 Policy Section III(D);

(c) the Prior Notice Exclusion, which excludes coverage for Claims based upon, arising out of, or in any way involving any fact, circumstance, situation, transaction, event or Wrongful Act which was the subject of notice before either September 9, 2010 (2010-2011 Policy) or September 9, 2011 (2011-2014 Policy) (2010-2011 Policy Section III(E); 2011-2014 Policy Section III(E);

(d) the definition of "Loss," which means damages, judgments, settlements, other amounts and Defense Expenses in excess of the retention that the Insureds are legally obligated to pay, but which does not include (among other things) matters which are uninsurable under the law (2010-2011 Policy Section II(M), as amended by Endorsement No. 6; 2011-2014 Policy Section II(M), as amended by Endorsement Nos. 6, 22, 27);

(e) the definition of Wrongful Act, which requires that the alleged wrongful conduct be by an Insured Person acting in his or her capacity as such (2010-2011 Policy Section II(S); 2011-2014 Policy Section III(S), as amended by Endorsement No. 28);

(f) Exclusion F, which excludes coverage for Loss brought about or contributed to by (1) intentionally dishonest, fraudulent or criminal act or omission or willful violation of any statute, rule or law; or (2) profit or remuneration gained by an Insured to which such Insured is not legally entitled, as determined by a final adjudication (2010-2011 Policy Section III(F); 2011-2014 Policy Section III(F), as amended by Endorsement Nos. 22, 24);

(g) the cooperation clause, which requires the Insureds to provide to Indian Harbor all information, assistance and cooperation that it may reasonable request, and prohibits the Insureds from doing anything that in any way increases Indian Harbor's exposure under the policies or in any way prejudices Indian Harbor's potential or actual rights of recovery (2010-2011 Policy Section VI(G); 2011-2014 Policy Section VI(G));

(h) the consent to settlement clause, which prohibits an insured from admitting liability for, making any settlement offer with respect to, or settling any Claim without Indian Harbor's consent, not to be unreasonably withheld (2010-2011 Policy Section V(B); 2011-2014 Policy Section V(B));

(i) the allocation clause, which requires a fair and appropriate allocation between covered and uncovered loss (2010-2011 Policy Section V(C); 2011-2014 Policy Section V(C));

(j) the other insurance clause, which renders the Indian Harbor policies excess to other valid and collectible insurance (2010-2011 Policy Section VI(C); 2011-2014 Policy Section VI(C), as amended by Endorsement No. 25); and

(k) all other policy terms and conditions which may be found applicable to the Liquidation Trust Action.

WHEREFORE, Indian Harbor prays that this Court enter an Order:

A. Declaring that the Insured v. Insured Exclusion bars coverage under the 2010-2011 Policy and the 2011-2014 Policy, and that Indian Harbor has no duty to advance defense expenses or pay indemnity in connection with the Liquidation Trust Action;

B. Declaring that the 2010-2011 Policy does not provide coverage for the Liquidation Trust Action because it is not a Claim that was first made before expiration of the Policy Period on September 9, 2011;

C. Declaring that other policy terms and conditions limit or exclude coverage;

D. Awarding Indian Harbor its costs and expenses incurred in this litigation; and

E. Awarding to Indian Harbor all such other relief that this Court deems just, necessary and proper.

## JURY DEMAND

Indian Harbor hereby demands a jury trial on all issues so triable in this litigation.

Respectfully submitted,

LAW WEATHERS

Dated: September 26, 2014

By / s / Michael J. Roth
Michael J. Roth (P51795)
Attorneys for Plaintiff

800 Bridgewater Place
333 Bridge Street, N.W.
Grand Rapids, Michigan 49504-5320
(616) 459-1171 (telephone)
(616) 913-1270 (facsimile)

TROUTMAN SANDERS LLP
Leslie S. Ahari
Of Counsel
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
(703) 734-4322 (telephone)
(703) 448-6517 (facsimile)
E-mail: leslie.ahari@troutmansanders.com

TROUTMAN SANDERS LLP
M. Addison Draper
Of Counsel
600 Peachtree Street, NE, Suite 5200
Atlanta, Georgia 30308
(404) 885-2719 (telephone)
(404) 885-3900 (facsimile)
E-mail: addison.draper@troutmansanders.com

731363.2